O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGAR GOMEZ ARAUJO, | ) | NO. CV 12-7741-GAF (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION |
| JANET NAPOLITANO, | ) | |
| Respondent. | ) | |

On September 10, 2012, Petitioner, who is represented by counsel, filed a habeas petition in this district seeking relief under 28 U.S.C. § 2241 ("Petition"). Petitioner challenges a Los Angeles Superior Court conviction he sustained on February 9, 2010, following a guilty plea (the "State Conviction"). (Petition at 2.) In pertinent part, Petitioner alleges as follows:

In February 2010, Petitioner's counsel advised Petitioner that a guilty plea would not affect his immigration status, because Petitioner is a legal permanent resident. That advice was incorrect, because a guilty plea to the offense with which Petitioner was charged subjected

him to mandatory removal. Following Petitioner's plea and the attendant State Conviction, counsel compounded his above-noted error when, earlier this year and in connection with a motion to amend Petitioner's plea, counsel convinced the trial court to terminate Petitioner's probation[1] rather than amend the plea. When Petitioner moved to vacate his conviction on May 30, 2012, on the ground that he had received ineffective assistance from his trial counsel, the trial court concluded that, because Petitioner's probation had been terminated, it "no longer possessed jurisdiction to adjudicate Petitioner's motion to vacate his conviction." (Petition Attachment.)

Petitioner presently is in federal immigration custody. He asserts that he is in immigration custody "solely due to" the State Conviction. (Petition Attachment.)

**DISCUSSION**

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L.Ed.2d 603 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982); *see also Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d 1436, 1443 (9th Cir. 1997)." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Thus, at the outset, this Court must resolve the critical

---

[1] When Petitioner was sentenced in February 2010, he received 180 days in jail and three years probation. (Petition at 2.)

jurisdictional question of whether the Petition properly may be considered pursuant to Section 2241, as Petitioner contends.

Section 2241 provides a general grant of habeas authority to federal courts. 28 U.S.C. § 2254 implements that general grant of authority for persons in custody pursuant to a state court conviction. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004). For a district court to have subject matter jurisdiction over a Section 2254 petition, the petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989). A petitioner on parole is deemed to be "in custody" for purposes of Section 2254. Jones v. Cunningham, 371 U.S. 236, 237-44, 83 S. Ct. 373, 377 (1963). A petitioner is not "in custody" within the meaning of Section 2254 if he has fully served his sentence and is not subject to court supervision. *See* De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Petitioner has served his sentence of 180 days in jail, and he alleges that his probation was terminated earlier this year. Given this allegation, Petitioner plainly is not "in custody" for purposes of the State Conviction. *See* 28 U.S.C. §§ 2241(c)(1)-(3) and 2254(a), which set forth "in custody" requirements for obtaining federal habeas relief. Indeed, it appears that Petitioner seeks habeas relief *only* pursuant to Section 2241, and not pursuant to Section 2254, because he cannot satisfy the Section 2254 "in custody" requirement.[2]

---

[2] The immigration consequences of a state conviction do not render a petitioner "in custody pursuant the judgment of a State Court" for Section 2254 purposes. Resendiz v. Kovensky, 416 F.3d 952, 956-58

Petitioner, therefore, may not attack the State Conviction directly pursuant to Section 2254. He also may not do so collaterally pursuant to Section 2241, because such an attempt is not cognizable.

In Contreras v. Schiltgen, 122 F.3d 30 (9th Cir. 1997), Contreras, an alien lawfully residing in the United State, pleaded no contest to a violation of California Penal Code § 245(a). While in prison, Contreras was served with an immigration order to show cause why he should not be deported due to his state conviction. He then sought state habeas relief, raising essentially the same Sixth Amendment claim alleged in the instant Petition, *viz.*, that his attorney had given him inadequate or incorrect advice about the immigration consequences of his nolo contendere plea. By the time Contreras concluded his habeas efforts, he had completed his sentence, been released from state custody, and been taken into immigration custody. *Id.* at 31. Contreras then filed a Section 2254 petition. The state asserted that he failed to meet the "in custody" requirement, and in response, Contreras amended his petition to name an immigration official as respondent. The district court then construed the petition to be brought under Section 2241 but dismissed it, holding that Contreras could not collaterally attack his state conviction in a Section 2241 habeas action brought against the INS. *Id.* at 31-32. The Ninth Circuit affirmed, finding that: Contreras's immigration custody did not violate the federal Constitution or other federal law within the meaning of Section 2241(c)(3), because he had been convicted of an aggravated felony in state court, which was

---

(9th Cir. 2005); *see also* Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008)("one held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254").

a valid basis for immigration detention; and the validity of Contreras's California conviction could only be challenged in a collateral action brought against the State of California.  *Id.* at 32-33.  Two years later, on rehearing, the Ninth Circuit again affirmed the dismissal of the Section 2241 petition. Contreras v. Schiltgen, 151 F.3d 906, 907-08 (9th Cir. 1998).

In Resendiz, *supra*, in a post-AEDPA context, the Ninth Circuit was faced with a factually similar situation and a Sixth Amendment claim akin to that raised by Petitioner here, namely, Resendiz alleged that his attorney wrongly told him that his guilty plea in state court would not result in any adverse immigration consequence.  While Resendiz was serving his state sentence, he received a removal notice, and by the time he completed his exhaustion efforts, his state sentence had expired.  Resendiz filed a Section 2254 petition, which the district court dismissed on the ground that Resendiz was not "in custody" pursuant to his state conviction.  The district court then granted Resendiz leave to amend to seek Section 2241 relief against an INS official.  The district court subsequently dismissed the action after concluding that:  it lacked jurisdiction under Section 2241, because Resendiz's state conviction could not be collaterally attacked in a Section 2241 petition against the INS; and because Resendiz was no longer in state custody, no Section 2254 jurisdiction existed. 416 F.3d at 954-55.  On appeal, the Ninth Circuit affirmed the district court's conclusions.  The Ninth Circuit found that AEDPA did not change the rationale and holding of Contreras and confirmed that a petitioner may not collaterally attack the state conviction that forms the basis for immigration custody through a Section 2241 petition.  *Id.* at 960-61.

Other Circuits are in accord. In Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004), the Tenth Circuit opined that "a petitioner cannot collaterally attack an expired state court conviction under § 2241."[3] In Drakes v. INS, 330 F.3d 600 (3d Cir. 2003), the Third Circuit considered Supreme Court precedent precluding collateral attacks, pursuant to Section 2254 and 28 U.S.C. § 2255, on expired state convictions,[4] and it concluded that "[t]here is no meaningful difference between a collateral attack on an expired state conviction underlying removal proceedings and a collateral attack on an expired state criminal conviction underlying an enhanced sentence." *Id.* at 604. Drakes held that the Supreme Court's holdings "bar in a section 2241 habeas proceeding a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal." *Id.* at 606. *See also, e.g.,* Taylor v. U.S., 396 F.3d 1322, 1330 (11th Cir. 2005)(*per curiam*)(holding that the district court properly refused to allow an alien to collaterally attack his expired state conviction through a federal habeas petition); Thelemarque v. Ashcroft, 363 F. Supp. 2d 198, 220 (D. Conn. 2005)("any attempt by [the immigration detainee] to collaterally attack his state court conviction under 28 U.S.C. § 2241 would not be allowed").

To be eligible for relief under Section 2241, Petitioner's immigration custody must violate federal law. 28 U.S.C. § 2241(c)(3). As the Ninth Circuit made clear in Contreras, however, because

---

[3] Broomes was abrogated on another ground by Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473 (2010).

[4] Daniels v. United States, 532 U.S. 374, 121 S. Ct. 1578 (2001), and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567 (2001).

Petitioner has sustained a state conviction that has not been overturned and which he concedes subjects him to mandatory removal, a valid reason exists for immigration authorities to detain him, and thus, he cannot satisfy the requisites of Section 2241(c)(3).  *See* Contreras, 122 F.3d at 33.  Resendiz and Contreras, and the numerous similar decisions from other Circuits, doom Petitioner's attempt to attack the State Conviction collaterally through a Section 2241 petition.  *See* Resendiz, 416 F.3d at 961 (a petitioner "may not collaterally attack his state conviction in a habeas petition against [ICE] under § 2241").

Accordingly, Petitioner's challenge to the State Conviction may not be considered by this Court pursuant to Section 2241, because jurisdiction is lacking.[5]  As a result, this action should be dismissed without prejudice.[6]

---

[5]  As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly in federal court.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994); In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936).  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears that subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative.  *See* Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982)("[l]ack of subject matter jurisdiction can be raised by a court's own motion at any time").  "[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."  Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)(*citing* Rule 12(h)(3)).

[6]  "The validity of [Petitioner's] California conviction can only be tested in an action against the state, which has the greatest interest in preserving its judgment and the best ability to either correct or defend it."  Contreras, 122 F.3d at 33.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets for the California Supreme Court and the California Court of Appeal, which are available at http://appellatecases.courtinfo.ca.gov.

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for lack of jurisdiction.

DATED: September 18, 2012.

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

Those dockets do not reveal any action filed by Petitioner with respect to the State Conviction. Whether Petitioner has any available state court remedy is not for this Court to determine, but dismissing this action without prejudice will allow him to exercise any such remedy that may exist.

8